UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

CASE NO:

TIMBREL NEWTON, and
VANESSA HITE,

    Plaintiffs,

v.

GLOBAL ENTERPRISE SOUTH
FLORIDA, INC., a Florida corporation
and TIVADAR BODORLO, individually,

    Defendants.

_____/

**COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL**

Plaintiffs, TIMBREL NEWTON ("Ms. Newton") and VANESSA HITE, ("Ms. Hite"), (collectively, "Plaintiffs"), pursuant to *29 U.S.C. § 216(b)*, file the following Complaint for Damages and Demand for Jury Trial against Defendants, GLOBAL ENTERPRISE SOUTH FLORIDA, INC. ("GLOBAL ENTERPRISE") and TIVADAR BODORLO ("TB"), individually (collectively referred to hereinafter as "Defendants"), and allege as follows:

**INTRODUCTION**

1. Defendants have unlawfully deprived Plaintiffs of federal overtime compensation during the course of their employment. This is an action arising under the Fair Labor Standards Act ("FLSA") pursuant to *29 U.S.C. §§ 201-216*, to recover all wages owed to Plaintiffs during the course of their employment with Defendants.

## PARTIES

2. During all times material hereto, Plaintiffs were residents of Broward County, Florida, over the age of 18 years, and otherwise *sui juris*.

3. During all times material hereto, Defendant, GLOBAL ENTERPRISE, was a Florida for profit corporation located and transacting business within Pompano Beach, Florida, within the jurisdiction of this Honorable Court.

4. GLOBAL ENTERPRISE is headquartered and operates its principal location at 1043 NW 31st Ave, Pompano Beach, Florida 33069.

5. Defendant, GLOBAL ENTERPRISE, was Plaintiffs' employer, as defined by *29 U.S.C. § 203(d)*, during all times pertinent to the allegations herein.

6. Upon information and belief, during all times material hereto, Defendant, TB, was a resident of the Southern District of Florida.

7. During all times material hereto, Defendant, TB was the president and owner of the corporate defendant within Pompano Beach, Florida.

8. During all times material hereto, Defendant, TB, was over the age of 18 years, an officer and/or director of the corporate Defendant, and was vested with the ultimate control and decision-making authority over the hiring, firing, day-to-day operations, and pay practices for Defendant, GLOBAL ENTERPRISE, during the relevant time period.

9. During all times material hereto, Defendant, TB, was Plaintiff's employer, as defined by 29 U.S.C. § 203(d).

## JURISDICTION AND VENUE

10. All acts and omissions giving rise to this dispute took place within Broward County, Florida, which falls within the jurisdiction of this Honorable Court.

11. Defendant, GLOBAL ENTERPRISE, is headquartered and regularly transacts business in Broward County, Florida, and jurisdiction is therefore proper within the Southern District of Florida pursuant to *29 U.S.C. § 216(b)* and *28 U.S.C. §§ 1331* and *1337*.

12. Venue is also proper within the Southern District of Florida pursuant to *29 U.S.C. § 216(b)* and *28 U.S.C. § 1391(b)*.

## GENERAL ALLEGATIONS

13. Defendant, GLOBAL ENTERPRISE, has been in operation in Florida since at least 2008.

14. GLOBAL ENTERPRISE provides disaster restoration services throughout the State of Florida.

15. On its website, GLOBAL ENTERPRISE advertises that it operates locations in South Carolina, North Carolina, Virginia, Texas, California, Colorado, Arizona, New York, Connecticut, Massachusetts, Ohio, Chicago and Tennessee. *See* https://www.gedrusa.com/our-locations/ (last visited June 17, 2020).

## FLSA COVERAGE

16. Defendant, GLOBAL ENTERPRISE, is covered under the FLSA through enterprise coverage, as GLOBAL ENTERPRISE was engaged in interstate commerce during Plaintiff's employment period. More specifically, GLOBAL ENTERPRISE's business and Plaintiff's work for GLOBAL ENTERPRISE affected interstate commerce because the goods and materials Plaintiffs and other employees used and/or handled on a constant and/or continuous basis moved through interstate commerce prior to or subsequent to Plaintiff's use of the same. Accordingly, Defendant, GLOBAL ENTERPRISE, was engaged in interstate commerce pursuant to *29 U.S.C. § 203(s)(1)(B)*.

17. During their employment with Defendants, Plaintiffs and multiple other employees handled and worked with various good and/or materials that moved through interstate commerce, including, but not limited to: cell phones, computers, computer keyboards, telephones, headsets, pens, pencils, paper, staples, markers, folders, mailing equipment, envelopes, staplers, tape, post-it and sticky notes, labels, etc.

18. Defendant, GLOBAL ENTERPRISE, regularly employed two (2) or more employees for the relevant time period, and these employees handled goods or materials similar to those goods and materials handled by Plaintiff, thus making Defendant, GLOBAL ENTERPRISE an enterprise covered by the FLSA.

19. Upon information and belief, Defendant, GLOBAL ENTERPRISE, grossed or did business in excess of $500,000.00 during the years of 2017, 2018, 2019 and is expected to gross in excess of $500,000.00 in 2020.

20. During all material times hereto, Plaintiffs were non-exempt employees of Defendants, GLOBAL ENTERPRISE and TB, within the meaning of the FLSA.

## PLAINTIFF'S WORK FOR DEFENDANTS

21. Plaintiff, Ms. Newton began working for Defendants on February 7, 2020 and continues to be employed as of the date of filing this Complaint.

22. Plaintiff, Ms. Hite, began working for Defendants on April 27, 2020, and continues to be employed as of the date of filing this Complaint.

23. During all times periods pertinent to this Complaint, Plaintiffs performed non-exempt work for Defendants as administrative assistants.

24. During all times material hereto, Plaintiff, Ms. Newton, was treated as a non-exempt hourly employee and compensated at the rate of $17.00 per hour.

25. During all times material hereto, Plaintiff, Ms. Hite, was treated as a non-exempt hourly employee at compensated at the rate of about $12.85 per hour.

## INDIVIDUAL EMPLOYER LIABILITY

26. During all pertinent times to Plaintiffs' employment, Defendant, TB, oversaw the day-to-day operations of GLOBAL ENTERPRISE and instructed Plaintiffs and other employees on their duties and responsibilities.  Defendant, TB, also controlled the payroll practices and policies of the company.

27. Defendant, TB, maintained hiring and firing authority over company employees including Plaintiffs.  TB also retained control and decision-making over promotions for employees.

28. During all times material hereto, Defendants were expressly aware of the work performed by Plaintiffs, but nevertheless refused to pay Plaintiffs for any of the work they performed for Defendants.

## MS. NEWTON'S PRELIMINARY STATEMENT OF CLAIM

29. Plaintiff, Ms. Newton, worked for Defendants as a non-exempt employee for eighteen (18) weeks between February 7, 2020, and the present.

30. During this time period, Plaintiff, Ms. Newton, worked at least nine (9) hours per day.

31. Thus, Plaintiff, Ms. Newton worked for Defendants for an average of at least forty-five (45) hours per week.

32. Plaintiff, Ms. Newton, seeks unpaid overtime wages in the amount of $25.50 for at least ninety (90) overtime hours she worked for Defendants without receiving any overtime compensation whatsoever.

33. Therefore, Plaintiff, Ms. Newton, claims $25.50 per hour x 90 hours = $2,295.00 in unliquidated damages.

34. Because of Defendants' willful and/or intentional violations of federal wage law, Plaintiff, Ms. Newton, seeks an additional amount of liquidated damages, in the amount of $2,295.00 for a total of $4,590.00, plus reasonable attorneys' fees and costs.

### MS. HITE'S PRELIMINARY STATEMENT OF CLAIM

35. Plaintiff, Ms. Hite, worked for Defendants as a non-exempt employee for seven (7) weeks between April 27, 2020, and the present.

36. During this time period, Plaintiff, Ms. Hite, worked at least nine (9) hours per day.

37. Thus, Plaintiff, Ms. Hite worked for Defendants for an average of forty-five (45) hours per week.

38. Plaintiff, Ms. Hite, seeks unpaid overtime wages in the amount of $19.27 for at least forty-five (45) overtime hours she worked for Defendants without receiving any compensation whatsoever.

39. Therefore, Plaintiff, Ms. Hite, claims $19.27 per hour x 45 hours = $867.15 in unliquidated damages.

40. Because of Defendants' willful and/or intentional violations of federal wage law, Plaintiff, Ms. Hite, seeks an additional amount of liquidated damages, in the amount of $867.15 for a total of $1,734.30, plus reasonable attorneys' fees and costs.

41. Plaintiffs have retained the undersigned counsel to seek recovery of wages owed and entitled to recover reasonable attorney's fees and costs.

### COUNT I – FEDERAL OVERTIME WAGE VIOLATIONS – *29 U.S.C. § 207*
**(Ms. Newton Against All Defendants)**

42. Plaintiffs hereby re-allege and re-aver Paragraphs 1 through 41 as though set forth fully herein.

43. Plaintiff, Ms. Newton alleges this action pursuant to the Fair Labor Standards Act ("FLSA"), *29 U.S.C. § 216(b)*.

44. Plaintiff, Ms. Newton claims federal overtime wages for all of the hours that she worked in excess of forty (40) per week between February 7, 2020, and the present, and April 27, and the present, respectively.

45. Defendants willfully and intentionally refused to pay Plaintiff, Ms. Newton, the applicable federal overtime wages as required by the FLSA, as Defendants knew or should have known of the overtime wage requirements of the FLSA.

46. Defendants recklessly failed to investigate whether Defendants' payroll practices were in accordance with the FLSA during the relevant time period.

47. On information and belief, Defendants failed to keep accurate time and payroll records during the relevant time period.

48. Accordingly, the statute of limitations in this action should be three (3) years as opposed to two (2) years.

49. Defendants' willful and/or intentional violations of federal wage law entitle Plaintiffs to an additional amount of liquidated, or double, damages.

50. As a result of the violations alleged herein, Plaintiff, Ms. Newton, was required to retain the undersigned counsel and are therefore entitled to recover reasonable attorney's fees and costs.

WHEREFORE, Plaintiff, TIMBREL NEWTON, respectfully requests that this Honorable Court enter judgment in her favor and against Defendants, GLOBAL ENTERPRISE SOUTH FLORIDA, INC., and TIVADAR BODORLO, and award Plaintiffs: (a) unliquidated damages to be paid by the Defendants jointly and severally; (b) liquidated damages to be paid by the

Defendants jointly and severally; (c) reasonable attorney's fees and costs to be paid by the Defendants jointly and severally; and any and all such further relief as may be deemed just and reasonable under the circumstances.

### COUNT II – FEDERAL OVERTIME WAGE VIOLATIONS – *29 U.S.C. § 207*
### (Ms. Hite Against All Defendants)

51. Plaintiff, Ms. Hite, hereby re-alleges and re-avers Paragraphs 1 through 41 as though set forth fully herein.

52. Plaintiff, Ms. Hite alleges this action pursuant to the Fair Labor Standards Act ("FLSA"), *29 U.S.C. § 216(b)*.

53. Plaintiff, Ms. Hite, claims federal overtime wages for all of the hours that she worked in excess of forty (40) per week between February 7, 2020, and the present, and April 27, and the present, respectively.

54. Defendants willfully and intentionally refused to pay Plaintiffs the applicable federal overtime wages as required by the FLSA, as Defendants knew or should have known of the overtime wage requirements of the FLSA.

55. Defendants recklessly failed to investigate whether Defendants' payroll practices were in accordance with the FLSA during the relevant time period.

56. On information and belief, Defendants failed to keep accurate time and payroll records during the relevant time period.

57. Accordingly, the statute of limitations in this action should be three (3) years as opposed to two (2) years.

58. Defendants' willful and/or intentional violations of federal wage law entitle Plaintiffs to an additional amount of liquidated, or double, damages.

59. As a result of the violations alleged herein, Plaintiffs were required to retain the undersigned counsel and are therefore entitled to recover reasonable attorney's fees and costs.

WHEREFORE, Plaintiff, VANESSA HITE, respectfully requests that this Honorable Court enter judgment in her favor and against Defendants, GLOBAL ENTERPRISE SOUTH FLORIDA, INC., and TIVADAR BODORLO, and award Plaintiffs: (a) unliquidated damages to be paid by the Defendants jointly and severally; (b) liquidated damages to be paid by the Defendants jointly and severally; (c) reasonable attorney's fees and costs to be paid by the Defendants jointly and severally; and any and all such further relief as may be deemed just and reasonable under the circumstances.

## DEMAND FOR JURY TRIAL

Plaintiffs, TIMBREL NEWTON and VANESSA HITE, hereby request and demand a trial by jury on all appropriate claims.

**Dated this 17th day of June 2020.**

Respectfully Submitted,

**USA EMPLOYMENT LAWYERS-JORDAN RICHARDS, PLLC**
805 E. Broward Blvd. Suite 301
Fort Lauderdale, Florida 33301
Ph: (954) 871-0050
*Counsel for Plaintiff*

By: /s/ Jordan Richards
JORDAN RICHARDS, ESQUIRE
Florida Bar No. 108372
MELISSA SCOTT, ESQUIRE
Florida Bar No. 1010123
JAKE BLUMSTEIN, ESQUIRE
Florida Bar No. 1017746
Jordan@jordanrichardspllc.com
Melissa@jordanrichardspllc.com
Jake@jordanrichardspllc.com

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that the foregoing document was filed via CM/ECF on this 17th day of June, 2020.

By: */s/ Jordan Richards*
JORDAN RICHARDS, ESQUIRE
Florida Bar No. 108372

## SERVICE LIST: